1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARENE BARNES,

                        Plaintiff,

      v.

KENT COURTHOUSE, et al,

                      Defendant.

CASE NO. 21-CV-01445-LK

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Dkt. No. 6, and Plaintiff Darene Barnes' objections to the R&R. Dkt. No. 7. Judge Tsuchida recommended that the Court deny Barnes' application to proceed *in forma pauperis* ("IFP") and direct her to pay the filing fee. Dkt. No 6 at 2. Having reviewed the R&R, Barnes' objections, and the remainder of the record, the Court ADOPTS the R&R and DENIES Barnes' IFP application.

**BACKGROUND**

Barnes initiated this suit *pro se* by filing an incomplete IFP application. *See* Dkt. No. 1. The Clerk of Court mailed notice of this filing deficiency and informed Barnes of the deadline

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1  for submitting a properly completed application. Dkt. No. 3. Barnes thereafter failed to submit a

2  complete application. Instead, she mailed the Court a handwritten note explaining that her name

3  was misspelled in court correspondence. Dkt. No. 4. Judge Tsuchida accordingly recommended

4  denying her IFP application. Dkt. No. 6 at 2.

5  **DISCUSSION**

6        A district court may permit a civil litigant to proceed IFP—that is, without first paying

7  the filing fee—when the person submits "an affidavit that . . . [she] is unable to pay such fees or

8  give security therefor." 28 U.S.C. § 1915(a)(1); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

9  But proceeding IFP "is a privilege not a right," *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.

10  1965), and such an action may go forward only if the Court grants the IFP application, *Rodriguez*

11  *v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court wields "particularly broad discretion"

12  to grant or deny IFP status. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

13        Barnes' failure to submit a properly completed application precludes IFP status. *See* LCR

14  3(c)(1) ("At the time application is made under 28 U.S.C. § 1915 . . . [a] plaintiff shall . . .

15  [c]omplete the in forma pauperis application approved for use in this district for the specific type

16  of case[.]"). Nor do Barnes' "objections"—an unintelligible list of words and phrases—change

17  this result. *See* Dkt. No. 7.

18        The Court therefore ORDERS Plaintiff to pay the $402.00 filing fee within 14 days of the

19  date of this order. If Plaintiff fails to pay this fee, the Clerk is directed to close this matter.

20        The Clerk is directed to send copies of this Order to Plaintiff's last known address.

21        Dated this 24th day of January, 2022.

22

23                                        Lauren King
                                    United States District Judge

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 2